UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRAVIS PEACOCK,

     Petitioner,

v.                                Case No.  4:17cv189/WS/CJK

JULIE JONES,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record.  (Doc. 11).  Petitioner opposes the motion.  (Doc. 13).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On December 6, 2004, petitioner was indicted in Leon County Circuit Court for the first degree premeditated murder of Savetra Donaldson. (Doc. 11, Ex. A, p. 6).[1]  On December 16, 2004, petitioner was adjudged incompetent to proceed and committed to Florida State Hospital. (Ex. M, pp. 38-41 (Attach. A - Order Adjudging Defendant Incompetent To Proceed)). Petitioner's competency was restored and, on April 12, 2011, he was adjudged competent to proceed. (Ex. M, p. 143 (Attach. Y- Order Declaring Defendant Competent To Proceed)). After placement on the trial calendar, petitioner resolved the charge through a counseled, negotiated plea agreement whereby he pled no contest plea to second degree murder with a firearm in exchange for the State recommending a sentence of 50 years in prison with a 25-year mandatory minimum for killing the victim with a firearm. (Ex. M, pp. 156-57 (Attach. BB - Plea and Acknowledgement of Rights)). Petitioner's plea was accepted, and he was sentenced consistent with the plea agreement. Judgment was entered November 22, 2011. (Ex. M, pp. 158-66 (Attach. CC - Judgment)). Petitioner did not move to withdraw his plea or seek direct review of the judgment. (Doc. 1; Doc. 11, Ex. I, p. 1).

---

[1] All references to exhibits are to those provided at Doc. 11. When a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom right of the page.

On October 12, 2012, petitioner filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Ex. A, pp. 1-3). The state circuit court denied relief. (*Id*., pp. 4-6). Petitioner appealed. (*Id*., p. 7). The Florida First District Court of Appeal (First DCA) dismissed the appeal on December 11, 2012, after petitioner failed to comply with a November 6, 2012, court order requiring him to file an amended notice of appeal containing a proper certificate of service. (Exs. B, C). Petitioner filed a motion for rehearing on December 28, 2012, (Ex. D), which the First DCA treated as a motion for reinstatement of the appeal, and denied without prejudice to petitioner's filing a renewed motion accompanied by an amended notice of appeal complying with the court's November 6, 2012, order. (Ex. E). On February 19, 2013, petitioner filed an amended notice of appeal and a motion for rehearing. (Ex. F). The First DCA denied the motion on April 5, 2013, after petitioner failed to comply with a February 26, 2013, court order requiring him to serve a copy of his motion for rehearing on the Attorney General and to file a supplemental certificate of service containing a current service date. (Exs. G, H).

On May 13, 2013, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. I). On October 14, 2013, the state circuit court dismissed the motion without prejudice as legally insufficient, with

leave to amend within 30 days.  (Ex. L).  Petitioner timely amended.  (*Id*., Ex. M, pp. 1-9, 19-28).  The state circuit court denied postconviction relief.  (*Id*., pp. 29-191, 194-205).  The First DCA affirmed per curiam without opinion.  *Peacock v. State*, 146 So. 3d 1177 (Fla. 1st DCA 2014) (Table) (copy at Ex. N).  The mandate issued September 15, 2014.  (Ex. N).

On November 27, 2014, petitioner filed a *pro se* petition for writ of certiorari in the First DCA.  (Ex. O).  The First DCA ordered petitioner to show cause why his petition should not be dismissed for failure to timely file it.  (Ex. P).  After response, the First DCA dismissed the petition on January 26, 2015.  *Peacock v. State*, 156 So. 3d 1082 (Fla. 1st DCA 2015) (Table) (copy at Ex. R).  The mandate issued February 23, 2015.  (Ex. R).

On February 23, 2015, petitioner filed a *pro se* petition for writ of habeas corpus in the First DCA.  (Ex. S).  The First DCA dismissed the petition on March 12, 2015, citing *Baker v. State*, 878 So. 2d 1236 (Fla. 2004).  *See Peacock v. State*, 162 So. 3d 274 (Fla. 1st DCA 2015) (Table) (copy at Ex. T).  Petitioner's motion for rehearing was denied on May 4, 2015.  (Ex. U).

On April 18, 2016, petitioner filed a counseled motion to correct illegal sentence under Fla. R. Crim. P. 3.800(a).  (Ex. V).  The state circuit court denied relief on June 8, 2016.  (Ex. W).  Petitioner did not appeal.

On June 29, 2016, petitioner filed a *pro se* motion to correct illegal sentence under Rule 3.800(a).  (Ex. X, pp. 3-30).  The state circuit court denied relief.  (*Id*., pp. 31-45).  The First DCA affirmed per curiam without opinion.  *Peacock v. State*, 224 So. 3d 215 (Fla. 1st DCA 2017) (Table) (copy at Ex. DD).  The mandate issued April 18, 2017.  (Ex. DD).

Petitioner filed his federal habeas petition on April 20, 2017, raising one claim of ineffective assistance of trial counsel.  (Doc. 1).  Respondent asserts the petition is time-barred.  (Doc. 11).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not pursue direct review of his November 22, 2011, judgment; accordingly, his judgment became final at the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of

the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires."). Under Florida law, petitioner had 30 days to seek direct review of his judgment in the Florida First DCA. *See* Fla. R. App. P. 9.140(b)(3) (providing that an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if a defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires). Petitioner's judgment became final for purposes of § 2244(d)(1)(A), on December 22, 2011, when Florida's 30-day period expired. *Gonzalez*, 565 U.S. at 154 (holding that if a state prisoner does not pursue the highest level of review available to him in the state court system, he is not entitled to the additional 90 days for seeking certiorari review in the United States Supreme Court).

The federal limitations period began to run on December 23, 2011, and expired one year later on December 23, 2012, absent tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period (applying Fed. R. Civ. P. 6(a)(1))); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding

that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).

Petitioner filed his Rule 3.800 motion on October 12, 2012, with 72 days remaining on the federal limitations clock.  Petitioner's Rule 3.800 motion was pending, and statutorily tolled the limitations period, until April 5, 2013, when the First DCA denied rehearing on appeal.

The statute of limitations began running again on April 6, 2013, and ran for 37 days until petitioner filed his Rule 3.850 motion on May 13, 2013.  Petitioner's Rule 3.850 motion was pending, and statutorily tolled the limitations period, until issuance of the First DCA's mandate on September 15, 2014.  *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the limitations period, until the appellate court's issuance of the mandate on appeal).

The limitations period began running again on September 16, 2014, and expired 35 days later on October 20, 2014.  Petitioner's state court pleadings filed after October 20, 2014, did not trigger the tolling benefit of § 2244(d)(2), because they were filed after the limitations period expired.  *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply,

the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citations omitted)).  Petitioner's federal habeas petition, filed on April 20, 2017, is untimely.

> Petitioner addresses the timeliness issue in his petition, arguing:
>
> 28 U.S.C. § 2244(d) does not bar my petition due to the fact that the date on which the limitation period began was impeded by state action – failure to give notice of 30 days to appeal, judicial actions or omissions therefore impeded the filing.  Further, he was impeded by actions or omissions of counsel, prisoner[']s incompetence due to mental retardation or other psychiatric or medical impediments.

(Doc. 1, p. 14).  Petitioner's supporting memorandum elaborates on these general allegations.  (Doc. 2, pp. 19-21).  Petitioner clarifies that the "failure to give notice of 30 days to appeal" relates to a state habeas petition he filed in 2008, before his no contest plea and the entry of judgment.  (*Id*., p. 20 and Attach.).  Petitioner further elaborates on the various competency evaluations, mental health findings and treatment, and judicial proceedings which pre-dated the restoration of his competency in April of 2011.  (*Id*., pp. 19-23 and Attach.).  Again, these alleged impediments pre-dated the finality of his criminal judgment on December 22, 2011, and do not plausibly show that any trigger other than § 2244(d)(1)(A) applies.

> Petitioner's response in opposition to respondent's motion to dismiss re-argues the same points.  (Doc. 13, pp. 2-3).  In addition, petitioner asserts that he is entitled to equitable tolling based on a pre-judgment competency evaluation

performed by Dr. Michelle Barnett and Dr. Gary Simmons, which found petitioner incompetent.  (Doc. 13, pp. 2-3).  "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017), *petition for cert. filed* (U.S. Sept. 27, 2017) (*quoting Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).  A petitioner seeking equitable tolling must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted).   The Barnett/Simmons competency evaluation has no bearing on petitioner's ability to timely file a federal habeas petition, because the evaluation was performed in 2006, which is prior to the restoration of petitioner's competency and the entry of his criminal judgment.  (*See* Doc. 11, Ex. M, pp. 57-61, Attach. F)).

Petitioner requests that in the event his allegations fall short of the equitable tolling standard, the court appoint him counsel and order an evidentiary hearing on the matter "where Petitioner can subpoena his previous doctors and records to conclusively prove his mental retardation and the resulting inability to conduct any of his own legal work."  (Doc. 13, p. 10).  Petitioner supports his requests for counsel and an evidentiary hearing with two affidavits.  (Doc. 13, Exs. A, B).  Petitioner's

own affidavit states that he has always relied on inmate law clerks to assist him with court filings.  (Doc. 13, Ex. A).  Inmate Michael A. Frye's affidavit states that he has known petitioner for 4 months and reviewed his prior state court proceedings. (Doc. 13, Ex. B).  Inmate Frye states his opinion that petitioner is "mentally handicapped" because (1) petitioner "does not comprehend the fact that he is in prison, not 'jail', and wants to go home"; (2) petitioner can "mirror what is being said to him, but cannot explain it back"; (3) petitioner "will listen to anyone that will talk to him"; (4) petitioner's behavior during the past 4 months "has been overabund[a]ntly childlike"; (5) petitioner "is willing to do anything and believe anyone to go home to his 'Momma'"; and (6) petitioner is "not capable of doing his own legal work."  (*Id.*).

The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, provides in relevant part:  "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(a)(2)(B).  Federal courts generally endorse the appointment of counsel in the following cases:  (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving mentally or physically impaired petitioners; (4) cases likely to require the

assistance of experts in framing or trying the claims; (5) cases in which "the indigent

is in no position to investigate crucial facts" and (6) factually complex cases. James

S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 12.3b

(5th ed. 2005). The procedural rules governing § 2254 cases require the appointment

of counsel in two circumstances:  (1) where the court has authorized discovery upon

a showing of good cause and appointment of counsel is necessary for effective

discovery and (2) where the court has determined that an evidentiary hearing is

necessary. *See* Rules 6(a) and 8(c), Rules Governing Section 2254 Cases in the

United States District Courts ("Habeas Rules").

    With regard to evidentiary hearings, in *Drew v. Dep't of Corr.*, 297 F.3d 1278

(11th Cir. 2002), the Eleventh Circuit explained that the decision whether to hold an

evidentiary hearing on equitable tolling is committed to the sound discretion of the

district court because § 2244 "does not require a hearing on the issue of time-bar or

equitable tolling." *Drew*, 297 F.3d at 1292. "In a habeas corpus proceeding, the

burden is on the petitioner to establish the need for an evidentiary hearing." *Jones

v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318 (11th Cir. 2016). A petitioner

"must plead or proffer enough facts that, if true, would justify an evidentiary hearing

on the issue. And the allegations supporting equitable tolling must be specific and

not conclusory." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012)

(citation omitted).  While an evidentiary hearing may be necessary where material facts are in dispute, an evidentiary hearing is not required where no basis exists to believe that further inquiry would help the petitioner prove entitlement to equitable tolling.  *See San Martin*, 633 F.3d at 1271-72; *Drew*, 297 F.3d at 1292.

Petitioner offers no reason to believe, by way of allegations or supporting evidence, that the appointment of counsel and further inquiry by this court would help him prove that he is entitled to equitable tolling.  Petitioner's general allegations of mental deficiency and reliance on inmate law clerks do not show a causal connection to his untimely filing.  "[M]ental impairment is not *per se* a reason to toll a statute of limitations."  *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Rather, the alleged impairment must have affected petitioner's ability to file a timely habeas petition.  *Id.*; *see Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005).  In *Lawrence*, the Eleventh Circuit concluded that a petitioner's allegations that his full-scale IQ was 81 and that he had "suffered from mental impairments his entire life" alone were insufficient to justify equitable tolling because they did not establish a "causal connection between his alleged mental incapacity and his ability to file a timely petition."  421 F.3d at 1226-27.  By contrast, in *Hunter*, the Eleventh Circuit found that an evidentiary hearing was necessary where the petitioner's evidence of his significant, irreversible mental retardation and illiteracy raised a

factual issue as to whether his mental impairment affected his ability to timely file a federal petition. 587 F.3d at 1309-10. Here, the record indicates that petitioner has some history of mental-health issues, particularly pre-dating his restoration to competency in 2011, but, as in *Lawrence*, petitioner has not explained how his mental-health issues affected his ability to file a timely petition. More to the point, petitioner fails to explain how his mental-health issues and reliance on inmate law clerks impeded his ability to file a timely federal habeas petition, yet did not impede his ability, in the meantime, to timely file and litigate several postconviction motions in state court, including his timely Rule 3.850 motion raising the same substantive claim presented in his federal petition. In short, petitioner's supporting affidavits do now plausibly show that, with counsel and an evidentiary hearing, petitioner will be able to prove facts sufficient to satisfy the equitable tolling standard.

## CONCLUSION

Petitioner's federal habeas petition is untimely. Petitioner offers no reason to believe, by way of allegations or supporting evidence, that the assistance of counsel and further inquiry by this court will help him prove entitlement to equitable tolling. Petitioner's failure to timely file his petition requires dismissal of this case.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 11) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Travis L. Peacock*, Leon County Circuit Court Case No. 2004-CF-3979, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 10th day of January, 2018.


*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.